IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02834-PAB

MICHAEL LANDAU,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

    Defendant.

## ORDER

This matter is before the Court on the Complaint [Docket No. 1] filed by plaintiff Michael Landau on October 21, 2021. Mr. Landau seeks review of the final decision of defendant (the "Commissioner") denying his claim for supplemental security income under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383(c). *See id.* at 1, ¶ 1. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[1]

## I. BACKGROUND

On August 10, 2018, Mr. Landau filed an application for disability insurance benefits under Title II of the Act. R. at 80. Mr. Landau alleged a disability onset date of January 1, 2016. *Id.* The Social Security Administration denied Mr. Landau's application on July 2, 2019, *id.*, and denied the application upon reconsideration on

---

[1] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

November 27, 2019.  *Id*.  Mr. Landau requested a hearing before an administrative law judge ("ALJ").  *Id*.  On December 8, 2020, the ALJ held a video hearing due to the Coronavirus pandemic.  R. at 80, 101.  Mr. Landau was represented at the hearing by attorney Jeffrey Flynn.  R. at 101.

On December 22, 2020, the ALJ issued a decision finding that Mr. Landau was not disabled prior to November 16, 2020, but became disabled on that date and continued to be disabled through December 22, 2020.  R. at 81, 93.  The ALJ also found that Mr. Landau met the insured status requirements of the Act as of November 16, 2020.  *Id.*  The ALJ found that Mr. Landau had the following severe impairments since January 1, 2016: obstructive sleep apnea, obesity, depressive disorder, anxiety disorder, and posttraumatic stress disorder ("PTSD").  R. at 83.  The ALJ found that Mr. Landau had the severe impairment of ascending aortic dissection since November 16, 2020.  *Id.* at 81.  The ALJ concluded that, since January 1, 2016, Mr. Landau has not had an impairment or combination of impairments that meets or medically equals the severity of the impairments listed in 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526.  R. at 84.  The ALJ made two findings as to Mr. Landau's residual functional capacity ("RFC").  R. at 85, 91. The ALJ found that, prior to November 16, 2020, Mr. Landau had the RFC to:

> perform medium work as defined in 20 CFR 404.1567(c) except that he had to avoid unprotected heights and dangerous moving machinery; he could understand, remember, and carry out simple instructions that can be learned in 30 days or less and could sustain concentration, persistence, and pace for those simple instructions for two-hour intervals with normal breaks; he could have occasional noncollaborative interactions with coworkers, supervisors, and the general public, but could not do any teamwork; and he could adapt to simple workplace changes.

R. at 85.  The ALJ found that, beginning on November 16, 2020, Mr. Landau had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) except that he must avoid unprotected heights and dangerous moving machinery; he can understand, remember, and carry out simple instructions that can be learned in 30 days or less and can sustain concentration, persistence, and pace for those simple instructions for two-hour intervals with normal breaks; he can have occasional non-collaborative interactions with coworkers, supervisors, and the general public, but cannot do any teamwork; and he can adapt to simple workplace changes.

R. at 91.  Based on the testimony of a vocational expert, the ALJ found that since January 1, 2016, Mr. Landau has been unable to perform his past relevant work.  *Id.*  The ALJ found that, based on Mr. Landau's RFC between January 1, 2016 and November 16, 2020, he could have performed jobs that exist in significant numbers in the national economy during that time period.  R. at 92.  The ALJ found that, based on Mr. Landau's RFC from November 16, 2020 onward, there are no jobs that exist in significant numbers in the national economy that he can perform.  R. at 93.  For these reasons, the ALJ concluded that Mr. Landau was not disabled prior to November 16, 2020, but became disabled on that date and continued to be disabled through December 22, 2020.  *Id.*

On September 9, 2021, the Appeals Council denied Mr. Landau's request for review of the ALJ's partial denial of his claim.  R at 1-5.  Given the Appeals Council's denial, the ALJ's decision is the final decision of the Commissioner.

On March 30, 2022, Mr. Landau filed an opening brief in this appeal.  Docket No. 12.  On May 26, 2022, the Commissioner filed a response brief.  Docket No. 16.  On June 15, 2022, Mr. Landau replied.  Docket No. 17.

## II. LEGAL STANDARD

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in his decision. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "more than a mere scintilla" and "means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citation and internal quotation omitted). "The threshold for such evidentiary sufficiency is not high." *Id*. However, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (citation omitted). Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III. THE FIVE-STEP EVALUATION PROCESS

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period

of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy.  42 U.S.C. §§ 423(d)(1)-(2).  Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. §§ 404.1520(b)–(f)).  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).  The claimant has the initial burden of establishing a case of disability.  However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience."  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of

5

inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan*, 924 F.2d 972, 974 (10th Cir. 1991).

## IV. DISCUSSION

Mr. Landau argues that the ALJ should not have found that Mr. Landau could do medium work prior to November 16, 2020 because this finding is contrary to the opinions of Mr. Landau's longtime treating physician,[2] Dr. Anjoli Dixit. Docket No. 12 at 12-19; *see* R. at 377-83, 721-26, 788-92. The ALJ found that Dr. Dixit's opinions were unpersuasive on the basis that they "are markedly inconsistent with the evidence as a whole." R. at 90. Mr. Landau does not argue that the ALJ applied an incorrect legal standard when considering Dr. Dixit's opinions; rather, he argues that the ALJ "did not have substantial evidence to reject [Dr. Dixit's] opinions." Docket No. 12 at 19. Mr. Landau argues that it was error for the ALR to "discount[ ] these opinions" on the basis that they were inconsistent with the evidence as a whole because "the record is very clearly [sic] that Mr. Landau's impairments and the limitations from those impairments would prevent him from doing medium work." *Id.* at 15. The Commissioner responds Mr. Landau's argument is "merely that the evidence . . . should be interpreted differently" and argues that "every one of [Mr. Landau's] contentions goes only to the weight of the evidence." Docket No. 16 at 10-11.

---

[2] Although ALJs give more weight to medical opinions from treating physicians than other sources when evaluating disability claims filed before March 27, 2017, 20 C.F.R. § 404.1527(c)(2), when evaluating disability claims filed after that date, ALJs do not give any specific evidentiary weight to opinions from treating physicians. 20 C.F.R. § 404.1520c(a). Because Mr. Landau filed his claim on August 10, 2018, R. at 80, the ALJ did not give any specific evidentiary weight to Dr. Dixit's opinions. R. at 89.

A district court may not reverse an ALJ's decision simply because the court may have reached a different result based on the record.  See *Biestek*, 139 S. Ct. at 1154. Rather, a court is to consider whether the ALJ's decision was supported by substantial evidence, which is "more than a mere scintilla, and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (citation and quotation omitted).  The Court does not "reweigh the evidence," *see Flaherty*, 515 F.3d at 1070, and the existence of some abnormal results does not mean that the ALJ's decision was "overwhelmed by other evidence in the record."  See *Musgrave*, 966 F.2d at 1374.

The ALJ found Dr. Dixit's opinions unpersuasive "because they are markedly inconsistent with the evidence as a whole."  R. at 90.  The ALJ summarized Dr. Dixit's opinions as follows:

> Anjoli Dixit, M.D., opined in February 2019 that the claimant has extreme mental limitations in all four B criteria areas and cannot work on a regular or sustained basis and in September 2020 that he is unable to follow simple instructions due to extreme lack of focus.  In October 2018 and September 2020 Dr. Dixit opined that the claimant is limited to substantially less than the full range of sedentary work activities with the need to be off task for 20 percent of the workday, the inability to tolerate even low-stress work, and the need to be absent from work more than four days per month.

*Id.* (citations omitted); *see also* R. at 377-83, 721-26, 788-92.

The ALJ found that Dr. Dixit's opinions are inconsistent with the following evidence in the record: (1) mixed reports regarding the benefits of treatment for Mr. Landau's sleep apnea from September 2017 to December 2017, but no specific follow up about his sleep apnea after January 2018, *see, e.g.*, R. at 364, 410, 414-16, 418-20, 423, 425, 438-39; (2) generally intact physical exams, *see, e.g.*, R. at 398, 445-46, 465;

(3) complaints of increased depression and a report of significant abnormalities in a psychological exam in May 2019, but no abnormalities on a subsequent psychological exam in October 2019, *see, e.g.*, R. at 730-32, 735, 743-44; and (4) Mr. Landau's reports of engaging in regular exercise and being able to prepare simple meals and do household cleaning, *see, e.g.*, R. at 432, 445, 466, 731-33.  R. at 90.

The Court will not reweigh the evidence to determine whether the ALJ came to the correct conclusion in finding that Dr. Dixit's opinions are inconsistent with the evidence as a whole and are therefore unpersuasive.  *See Flaherty,* 515 F.3d at 1070*; Biestek,* 139 S. Ct. at 1154.  Rather, the Court concludes that the record contains "such relevant evidence as a reasonable mind might accept as adequate to support" the ALJ's conclusion that Dr. Dixit's opinions are inconsistent with the evidence in the record that the ALJ described.  *See Biestek,* 139 S. Ct. at 1154.  The Court finds that the ALJ's conclusion that Dr. Dixit's opinions were unpersuasive is supported by substantial evidence.  Mr. Landau does not argue that the ALJ erred on any other basis.  *See* Docket No. 12.  Therefore, the Court will affirm the Commissioner's decision.

## V. CONCLUSION

Therefore, it is

**ORDERED** that the decision of the Commissioner that Mr. Landau was not disabled prior to November 16, 2020 is **AFFIRMED.**  It is further

**ORDERED** that this case is closed.

DATED November 28, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge